IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BYRON NELSON,<br>    ID #23021558,<br>        Petitioner, | )<br>)<br>)<br>) | |
| vs. | ) | No. 3:23-CV-2375-E (BH) |
| UNKNOWN, | )<br>) | |
|         Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, this habeas case should be **DISMISSED** without prejudice for failure to follow court orders.

### I.    BACKGROUND

Byron Nelson (Petitioner), currently in custody at the Dallas County Jail, filed correspondence that appeared to challenge his pre-trial detention, and by a *Notice and Order of Deficiency* dated October 27, 2023, it was construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (*See* docs. 3, 4.) That notice also informed Petitioner that if he was challenging his pre-trial detention, he had not filed his petition on the appropriate form and either paid the $5.00 filing fee or submitted an application to proceed *in forma pauperis* (IFP) with the required certificate of inmate trust account. (*See* doc. 4.) He was provided copies of the appropriate form for a § 2241 habeas petition and an IFP application, and he was advised that he must file the appropriate form and either pay the filing fee or submit an IFP application with a certificate of inmate trust account within 30 days of the order. (*See id.*) He was also advised that a failure to comply could result in the dismissal of the case. He was also provided copies of the standard form

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

for cases filed under 42 U.S.C. § 1983 and a form IFP application if he sought to raise any non-habeas claims against any of the individuals referenced in his correspondence in a separate civil action. (*See id.*) More than 30 days from the date of the order have passed, but Petitioner has still not filed a completed form petition for relief under § 2241, paid the filing fee, submitted an IFP application, or filed anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner has failed to file the form § 2241 petition, pay the filing fee, or file an IFP application, as ordered. He has also not filed anything else in the case. It should therefore be dismissed under Rule 41(b) for failure to prosecute or follow orders of the court.

## III.  RECOMMENDATION

This habeas case should be **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless Petitioner files a completed form petition for relief under § 2241, and pays the $5.00 filing fee or files a fully completed IFP application with a certificate of inmate trust account within the time for objecting to this recommendation or by some other deadline set by the Court.

**SIGNED this 6th day of December, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE