IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BYRON NELSON, § | | |
| ID #23021558, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:23-cv-2375-E-BN | |
| § | | |
| MARION BROWN, § | | |
| § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Byron Nelson filed correspondence that was construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 because it appeared to challenge his pretrial detention. *See* Dkt. Nos. 3, 4. Consistent with the Order and Notice of Deficiency dated October 27, 2023, Nelson filed an amended 28 U.S.C. § 2241 petition on the appropriate form that was received on December 5, 2023. *See* Dkt. No. 6.

United States District Judge Ada Brown referred this case to a United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. On December 7, 2023, the case was reassigned to the undersigned United States magistrate judge by special order. *See* Dkt. No. 8.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this case.

### Applicable Background

Nelson, a state pretrial detainee at the Dallas County Jail, challenges pretrial

proceedings and his pretrial detention in Cause No. F-2255497 for driving while intoxicated, third or more, pending in Dallas County, Texas. *See* Dkt. No. 6 at 2-3. His amended § 2241 petition raises the following grounds:

(1) Due process violation, No grand-jury [sic] was in panel [sic];

(2) [I]neffective assistance of counsel;

(3) [N]o proof of defendant operating a vehicle while intoxicated; and

(4) Failed to give defendant notice of charges in the indictment.

*See id.* at 5-6. He names the Sheriff of Dallas County as the respondent. *See id.* at 1.

## Legal Standard

28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the [pending case,]'" is the proper vehicle for seeking habeas relief from pretrial detention. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).

But a petitioner "must be 'in custody' and must have exhausted his available state remedies" to seek relief under § 2241. *Dickerson*, 816 F.2d at 224. The exhaustion requirement may be excused "only in those 'rare cases' where [the petitioner] can show 'exceptional circumstances of peculiar urgency' so impinge upon his due process rights that immediate federal court interference is mandated." *Hughes v. Ryan*, No. 2:18-cv-177-D, 2018 WL 6729654, at *1 (N.D. Tex. Nov. 16, 2018) (citing *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993)), *rec. adopted*, 2018 WL 6726550 (N.D. Tex. Dec. 21, 2018).

Exhaustion requires that a petitioner "present his claims in a procedurally correct manner" to "the highest court of his state." *Deters*, 985 F.2d at 795; *see also Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) ("'The exhaustion of administrative remedies doctrine requires not that only administrative remedies selected by the complainant be first exhausted, but instead that all those prescribed administrative remedies which might provide appropriate relief be pursued prior to seeking relief in the federal courts.'").

In Texas, the petitioner must present his claims to the Texas Court of Criminal Appeals. *See Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). To challenge a pretrial detention, the detainee "must first file a pre-adjudication application for writ of habeas in the trial court under article 11.08 of the Texas Code of Criminal Procedure." *Curtis v. Garza Cty. Jail*, No. 5:18-cv-205-M-BQ, 2019 WL 5698802, at *2 (N.D. Tex. Oct. 8, 2019), *rec. adopted*, 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019). He may then seek review by "'direct appeal to an intermediate court of appeals (which is, in turn, subject to discretionary review by the Texas Court of Criminal Appeals).'" *Id.* (quoting *Ex parte Simpson*, 260 S.W.3d 172, 174 (Tex. App. – Texarkana 2008, no writ)).

A federal district court may raise the lack of exhaustion *sua sponte*. *See Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). Federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See, e.g.*, *Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the

claims raised by an applicant before those claims are heard in federal court. *See Picard v. Connor*, 404 U.S. 270, 275 (1971).

## Analysis

Nelson's petition and a search of available public court records indicate that he did not seek any state remedies prior to filing this action in federal court. *See* Dkt. No. 6 at 7; http://search.txcourts.gov (last visited Dec. 13, 2023). Because he has not presented his habeas claims to the Texas Court of Criminal Appeals, the highest court of the state has not had an opportunity to review them. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (holding that the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.").

And Nelson has not alleged or shown any "exceptional circumstances of peculiar urgency" to excuse the exhaustion requirement. *Hughes*, 2018 WL 6729654, at *1. He is therefore not entitled to habeas relief under § 2241 based on a failure to exhaust his state remedies.

Included in his request for relief, Nelson states that he seeks "raising [sic] civil lawsuit." Dkt. No. 6 at 7. To the extent that he is seeking to raise non-habeas civil claims that do not challenge his custody in this habeas action, they may not be raised in this case.

Nelson has a pending civil rights action that appears to involve the same party and many of the same matters raised in his amended § 2241 petition. *See Nelson v.*

*Texas*, No. 3:23-cv-2693-G-BN (N.D. Tex. Dec. 5, 2023). And, as Nelson was previously notified, the Prison Litigation Reform Act (PLRA) requires that all prisoners who bring a civil action must pay the full filing fee, although the fee may be paid in installments that are automatically withdrawn from the inmate trust account of a prisoner who is granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

Because of the filing fee and his related pending case, any non-habeas civil claims should be dismissed without prejudice to seeking relief in that action. *See Davis v. Valdez*, No. 3:15-cv-3952-D (BH), 2016 WL 749899, at *2 (N.D. Tex. Jan. 4, 2016), *rec. adopted*, 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).

## Recommendation

The Court should dismiss any habeas claims in Petitioner Byron Nelson's amended application for writ of habeas corpus under 28 U.S.C. § 2241 without prejudice for failure to exhaust state remedies. Any civil claims should be dismissed without prejudice to seeking relief in Nelson's pending case, No. 3:23-cv-2693-G-BN.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 13, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE